## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## BEAUFORT DIVISION

| | | |
|---|---|---|
| Carolyn Renee Knight, | ) | Civil Action No. 9:15-cv-01512-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Commissioner of Social Security Administration, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Carolyn Renee Knight ("Plaintiff") filed this action seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Bristow Marchant, issued in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(a) D.S.C. (ECF No. 17.)

The Magistrate Judge recommended reversing the Commissioner's denial of Plaintiff's claim for Supplemental Security Income ("SSI") in order to allow the Commissioner to reevaluate the evidence in light of *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), which was decided after the Administrative Law Judge ("ALJ") reached her decision. For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation and, pursuant 42 U.S.C. § 405(g), **REVERSES** the final decision of the Commissioner denying Plaintiff's claim for SSI and remands the case to the Commissioner for further proceedings consistent with this decision.

### I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The relevant factual and procedural background of this matter is discussed in the Report and Recommendation. The court concludes, upon its own careful review of the record, that the

1

Magistrate Judge's factual and procedural summation is accurate and incorporates it by reference. The court will only reference herein facts pertinent to the analysis of Plaintiff's claims.

Plaintiff was born on October 1, 1958, and is presently 57 years old. (ECF No. 10-5 at 3.) On August 4, 2011, Plaintiff filed an application for SSI, alleging a disability onset date of January 1, 2007, due to bipolar disorder, anxiety, migraines, back pain, high blood pressure, high cholesterol, auditory hallucinations, and learning difficulties. (*Id.*; ECF No. 10-6 at 6.) Plaintiff's claim was denied on March 16, 2012, and again on reconsideration on June 28, 2012. (ECF No. 10-4 at 2-6, 101-03.) On October 2, 2016, Plaintiff had a hearing before an ALJ, who found on December 13, 2013, that Plaintiff was not disabled under § 1614(a)(3)(A) of the Social Security Act. (ECF No. 10-2 at 20, 25.) Thereafter, the Appeals Council denied Plaintiff's request for review on February 4, 2015, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. (*Id.* at 1.)

In the first two steps of the ALJ's evaluation, *see Mascio*, 780 F.3d at 634-35 (outlining five-step evaluation used for disability determinations), the ALJ determined that Plaintiff was not gainfully employed and that she suffered from a number of severe impairments (ECF No. 10-2 at 13). At step three, the ALJ found that, "[w]ith regard to concentration, persistence or pace, [Plaintiff] has moderate difficulties." (*Id.* at 14.) In reaching this determination, the ALJ noted that Plaintiff "alleged problems concentrating for long periods. However, she was able to maintain her attention and concentration during psychological interviews. She also testified that she enjoyed playing cards and watching television, which require some amount of concentration." (*Id.* (internal citation omitted).) Although the ALJ found that Plaintiff had some severe and moderate impairments, the ALJ concluded that her impairments, either singly or in combination, did not

2

meet or equal the severity of an impairment in the Listings found in 20 C.F.R. Pt. 404, Subpt. P, App'x 1. (ECF No. 10-2 at 13-15.)

Before proceeding to steps four and five, the ALJ considered Plaintiff's residual functional capacity ("RFC"), finding that Plaintiff had the RFC "to perform medium exertional work" with a number of "non-exertional limitations," including that Plaintiff "may perform only unskilled work" and that she was "not able to adapt to more than simple, gradual changes in the workplace." (*Id.* at 15.) In reaching this determination, the ALJ considered the opinions of two state agency doctors:

> State agency doctors opined that [Plaintiff] could perform a full range of work at all exertional levels with the following limitations: must not be required to perform work involving very fine vision or prolonged visual work; may perform short and simple tasks; and must not be required to perform ongoing interaction with the public. These opinions receive great weight since the objective evidence supports them.

(*Id.* at 19 (internal citation omitted).) After noting the doctors' opinions, the ALJ proceeded to her RFC finding:

> After considering the credible evidence, I find that [Plaintiff] is limited to work at the medium exertional level with the following limitations: no dangerous machinery with exposed moving parts or work requiring fine visual acuity; may perform only unskilled work; must not have direct interaction with the public and only occasional team-type interaction with coworkers; must not be required to make complex, detail[ed] decisions; and not able to adapt to more than simple, gradual changes in the workplace.

(*Id.*)

After finding, at step four, that Plaintiff had no past relevant work experience (*Id.* at 20), the ALJ moved on to step five, which required her to determine whether jobs suited to Plaintiff's ability existed in significant numbers in the national economy. To do so, the ALJ had to account for Plaintiff's limitations. Put another way, she had "[t]o determine the extent to which [Plaintiff's] limitations erode the occupational base of unskilled work at medium level exertion." (*Id.*) To make

3

this determination, the ALJ, at the hearing, "asked the vocational expert whether jobs existed in the national economy for an individual with [Plaintiff's] age, education, work experience, and [RFC]." (*Id.*) More specifically, the ALJ asked the vocational expert to consider

> someone who has no exertional limitations[ b]ut because of some vision problems shouldn't work around dangerous machinery with exposed moving parts; and should not be required to perform work that requires fine visual acuity; also would be limited to unskilled work with no direct interaction with the public; only occasional team type interaction with coworkers; should not be required to make complex, detailed decisions; and should not be required to adapt to greater than simple, gradual changes in the work place. Based on that profile, and considering [Plaintiff]'s age, education, and work experience, would there be jobs in the economy at the various exertional levels?

(*Id.* at 53.) The vocational expert responded that various jobs, in significant numbers, existed for a person matching the description given by the ALJ, such as positions as a housekeeper, dishwasher, and laundry worker. (*Id.* at 53-55.) The ALJ then asked the vocational expert whether jobs existed for an individual matching the description if it were altered such that "the individual would not be able to concentrate sufficiently to complete even simple tasks on a sustained basis." (*Id.* at 55.) The vocational expert responded that no such jobs existed because employers expect any employee, even unskilled employees, to have sufficient concentration to at least complete simple tasks on a sustained basis. (*Id.*)

The ALJ credited the vocational expert's testimony and "based on the testimony of the vocational expert," the ALJ "conclude[d] that, considering [Plaintiff]'s age, education, work experience, and [RFC], [Plaintiff] is capable of making a successful adjustment to other work that exists in significant numbers in the national economy." (*Id.* at 21). Accordingly, the ALJ found, at step five, that Plaintiff was not disabled and denied her SSI claim. (*Id.*)

Subsequently, on April 6, 2015, Plaintiff commenced this action in the United States District Court for the District of South Carolina pursuant to 42 U.S.C. § 405(g) and

4

1383(c)(3) to obtain judicial review of the Commissioner's final decision denying Plaintiff's claim for SSI. (ECF No. 1.) On review, the Magistrate Judge concluded that the ALJ's decision was not in compliance with *Mascio*. Specifically, the Magistrate Judge noted that, in step five, the ALJ was required to account for her step three finding that Plaintiff had a moderate limitation in concentration, persistence, or pace. In other words, in determining whether jobs existed in significant numbers in the national economy for a person with Plaintiff's limitations, the ALJ should have included in her description of that person something that equates to Plaintiff's moderate limitation in concentration, persistence, or pace. As the Magistrate Judge explained, although it had been commonplace for ALJs to account for this limitation by referring to the limitation as an inability to perform other than simple, routine tasks or unskilled labor, in *Mascio*, the Fourth Circuit ruled that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" 780 F.3d at 638 (quoting *Winschel v. Comm'r of Soc. Sec.,* 631 F.3d 1176, 1180 (11th Cir. 2011)). The Magistrate Judge concluded that the ALJ's limiting the hypothetical individual to "unskilled work with no direct interaction with the public; only occasional team type interaction with coworkers; [who] should not be required to adapt to greater than simple, gradual changes in the work place" did not account for the limitation in concentration, persistence, or pace and that the ALJ did not otherwise account for this limitation in step four or five. Thus, on May 10, 2016, the Magistrate Judge issued his recommendation that the Commissioner's final decision denying Plaintiff's claim for SSI be reversed and the case be remanded for the Commissioner to re-evaluate the evidence in light of *Mascio*. (ECF No. 17 at 13.)

5

On May 26, 2016, the Commissioner timely filed objections to the Report and Recommendation (ECF No. 19), and Plaintiff filed a response to the Commissioner's objections on June 13, 2016 (ECF No. 20).

## II. LEGAL STANDARD AND ANALYSIS

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court reviews *de novo* only those portions of a Magistrate Judge's Report and Recommendation to which specific objections are filed, and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *See Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it

does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

When assessing a claimant's RFC, the ALJ must account for all of the claimant's medically determinable limitations of which the ALJ is aware, including those not labeled severe in step two. *See Mascio*, 780 F.3d at 635 (brackets omitted) (citing 20 C.F.R. § 416.945(a)(2)). In *Mascio*, the Fourth Circuit ruled that "an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (internal quotation marks omitted). It reasoned that "the ability to perform simple tasks differs from the ability to stay on task," explaining that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* It also recognized that, on remand "the ALJ may find that the concentration, persistence, or pace limitation does not affect Mascio's ability to work . . . [b]ut because the ALJ here gave no explanation, a remand is in order." *Id.* Thus, the Fourth Circuit stressed the requirement for ALJs to translate impairments in functional areas into meaningful functional limitations in RFC assessments and in hypothetical questions presented to vocational experts.

In several recent cases, this court has considered the implications of *Mascio* and has interpreted it to require remand when (1) the RFC does not account for an ALJ's finding of a limitation in concentration, persistence, or pace; (2) that limitation was not incorporated in the hypothetical tendered to the vocational expert; and (3) the ALJ did not adequately explain the

7

exclusion of the limitation from the RFC or the hypothetical. *See, e.g.*, *Gordon v. Colvin*, No. 1:15-cv-3736-BHH-SVH, 2016 WL 4578342, at *15 (D.S.C. Aug. 3, 2016), *adopted by Gordon*, 2016 WL 4555965 (D.S.C. Sept. 1, 2016); *Wilson v. Colvin*, No. 2:14-3209-TLW-MGB, 2016 WL 625088, at *4 (D.S.C. Jan. 15, 2016), *accepted by Wilson*, 2016 WL 613891 (D.S.C. Feb. 16, 2016). "The court has consistently held that an ALJ accounts for moderate limitations in concentration, persistence, or pace by explaining how this functional limitation was considered as part of the RFC assessment." *Worthy v. Colvin*, No. 1:15-3555-MBS-SVH, 2016 WL 3102121, at *19 (D.S.C. May 6, 2016) (collecting cases), *adopted by Worthy*, 2016 WL 3079689 (June 1, 2016).

Here, the Magistrate Judge determined that remand is warranted because the ALJ did not account for the moderate limitation in concentration, persistence, or pace in the RFC or in the hypothetical to the vocational expert and did not explain the exclusion of the limitation. The Commissioner objects, alleging that the Magistrate Judge erred for a number of related reasons. First, the Commissioner argues that the ALJ accounted for Plaintiff's limitation by (a) describing to the vocational expert an individual that was limited to simple, gradual changes in the workplace (EFC No. 19 at 1-2); (b) noting, in step three, that Plaintiff, although alleging difficulties concentrating for long periods, maintained her concentration during interviews, card-playing, and television-watching (*id.* at 2); and (c) relying on the opinions of state agency doctors, who had opined that Plaintiff could maintain a regular work schedule (*id.*). Second, the Commissioner contends that the Magistrate Judge incorrectly relied on portions of the state agency doctors' opinions that are favorable to Plaintiff. (*Id.* at 3-4.) Third, the Commissioner argues that the Magistrate Judge erred by applying the rule that it is not the province of the district court to make

8

disability determinations in the first instance. (*Id.* at 4-5.) The court addresses the Commissioner's objections in turn.

**A.     The ALJ did not account for the limitation or adequately explain its exclusion.**

Advancing three arguments, the Commissioner contends that the ALJ accounted for Plaintiff's limitation or adequately explained its exclusion and objects to the Magistrate Judge's conclusion to the contrary. First, the Commissioner argues that, by including in her hypothetical to the vocational expert a limitation that the individual would be unable to face more than simple, gradual changes in the workplace, the ALJ accounted for the limitation in concentration, persistence, or pace. However, a hypothetical limitation restricting an individual to simple, gradual changes in the working environment does not adequately account for a limitation in concentration, persistence, or pace because it does not clearly speak to an individual's ability to stay on task. *See Jones v. Colvin*, No. 4:14-cv-00200, 2015 WL 4773542, at *6 (E.D.N.C. Aug. 13, 2015) ("[T]he hypothetical question to the [vocational expert] contemplated an individual 'limited to simple, routine, repetitive tasks; should work in a low production occupation, one which would require no complex decision making, constant change or dealing with crisis situations.' The majority of courts in North Carolina, including this court, have held that such restrictions do not adequately address a claimant's moderate limitations in concentration, persistence and pace."); *Bailey v. Colvin*, No. 5:14-cv-0248, 2015 WL 2449044, at *4, 13 (D.S.C. May 21, 2015) (explaining that inclusion in hypothetical of "static work environment . . . define[d] as an environment with few work place changes" does not sufficiently account for ability to stay on task). The Magistrate Judge correctly rejected this argument.

Second, the Commissioner argues that the ALJ explained the exclusion of the limitation by noting, in her step three evaluation, that Plaintiff, despite alleging difficulty in concentrating for

9

long periods of time, demonstrated ability to concentrate during certain activities such as being interviewed, playing cards, and watching television. However, a fair reading of the ALJ's decision shows that the ALJ referred to these activities only in support of her finding that the severity of Plaintiff's limitation in concentration, persistence, or pace was moderate. After concluding in step three, based on these activities, that Plaintiff's limitation was moderate, the ALJ did not again refer to these activities in assessing Plaintiff's RFC or in tendering her hypothetical to the vocational expert. The underlying principle behind *Mascio* is that an ALJ must account for, or else explain her exclusion of, all limitations—including those limitations in step three that did not meet the required severity level—in the RFC assessment. *See Mascio*, 780 F.3d at 635; 20 C.F.R. § 416.945(a)(2). An ALJ may not, by merely explaining her reasons for grading a limitation as moderate in step three, avoid the requirement to account for this moderate limitation in the RFC assessment. Thus, the mere fact that the ALJ in this case offered reasons for finding that Plaintiff's limitation was moderate does not obviate the requirement to account for Plaintiff's moderate limitation in the subsequent evaluation.

Third, the Commissioner argues that because the ALJ relied on the state agency doctors' opinions, which included an estimation that Plaintiff could maintain a regular work schedule, the ALJ considered Plaintiff's limitation and excluded it. The problem with this argument is that the ALJ's decision nowhere mentions the doctors' opinions regarding Plaintiff's ability to maintain a regular work schedule. As the Fourth Circuit in *Mascio* made clear, remand is warranted when an ALJ "g[ives] *no explanation*" for why the "moderate limitation in concentration, persistence, or pace at step three does not translate into a limitation in [the claimant's RFC]." 780 F.3d at 638 (emphasis added). Here, the ALJ made no attempt to explain the absence of the limitation from Plaintiff's RFC by reference to the agency doctors' opinions, and the court will not assume that

10

she did so merely because some evidence in the record might have supported an exclusion of the limitation. *See Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013) ("[I]t is . . . not . . . the province of the district court[ ] to [adequately explain the ALJ's reasoning] in the first instance.").

These objections, which all amount to claims that the ALJ implicitly accounted for the limitation or else excluded it, are overruled.

**B.     The Magistrate Judge's reference to opinions of the state agency doctors is irrelevant.**

Next, the Commissioner argues that the Magistrate Judge erred by relying on portions of the state agency doctors' opinions that were more favorable to Plaintiff's assertions regarding her inability to concentrate. In assessing Plaintiff's RFC, the ALJ noted that the doctors opined that Plaintiff could perform only short and simple tasks (ECF No. 10-2 at 19), which appears to contradict the doctors' opinion that Plaintiff could maintain a regular work schedule. The Magistrate Judge noted this seeming inconsistency, explaining that the ALJ's failure to account for the limitation in concentration, persistence, and pace should especially warrant remand where, as here, there appears to be conflicting evidence regarding how the limitation would affect the RFC assessment. (ECF No. 17 at 11.) The Commissioner contends that the Magistrate Judge erred in relying on the opinions because, the Commissioner claims, the doctors' statement that Plaintiff was limited to short and simple tasks was not their opinion because it was contained on a worksheet form that, per regulation, does not constitute an RFC assessment. (ECF No. 19 at 3-4.)

The court need not delve too far into this argument. First, the ALJ noted the same statement as the Magistrate Judge did and appeared to rely on it to some degree in making her RFC assessment. Second, and more importantly, the Magistrate Judge referenced the statement only in order to demonstrate that the record contained conflicting evidence regarding how the limitation might affect an RFC assessment that accounts for it. But such conflicting evidence exists whether

11

or not the statement may be used in an RFC assessment, and the Magistrate Judge noted this evidence as well. (*See* ECF No. 17 at 11-12 (referencing vocational expert's testimony that no significant number of jobs in the national economy existed if hypothetical person was unable to concentrate for a sustained basis).)  Third, and most importantly, *Mascio* and the recent cases in this court interpreting it do not require a losing plaintiff to demonstrate in the district court that such conflicting evidence exists in order for remand to be warranted. All that is required for remand is that the ALJ failed to account for the limitation and failed to explain its exclusion. To conclude otherwise would entangle the court in determinations that are beyond its province. *See Radford*, 734 F.3d at 296.

Thus, even assuming the Magistrate Judge erred in referencing the statement, such error is harmless because it is irrelevant to determining the correct disposition of this case. The objection is overruled.

## C.     The court will not account for the limitation in the first instance.

Finally, the Commissioner argues that the Magistrate Judge should have concluded from the fact that the ALJ assigned great weight to the state agency doctors' opinions that the ALJ had accounted for Plaintiff's limitation in concentration, persistence, or pace and that the Magistrate Judge's determination that he could not do so in the first instance was error. Despite the Commissioner's protestations to the contrary, the law is clear that, where an ALJ does not offer an explanation, the district court should not attempt to supply one. *See Radford*, 734 F.3d at 296. This legal principle is certainly applicable in cases, such as this one, that fit the circumstances faced by the Fourth Circuit in *Mascio*, which held that "remand is in order" precisely "*because the ALJ . . . gave no explanation*." 780 F.3d at 638 (emphasis added). This objection is overruled.

## III. CONCLUSION

Upon careful consideration of the entire record, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation incorporating it by reference, and **REVERSES** the final decision of the Commissioner denying Plaintiff's claim for Supplemental Security Income and remands the case to the Commissioner for further proceedings consistent with this decision.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Court Judge

September 9, 2016
Columbia, South Carolina